# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:07CR00020 |
| v. | ) | **OPINION** |
| | ) | |
| **BRYANT KELLY PRIDE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Bryant Kelly Pride, Pro Se Defendant.*

Defendant Bryant Kelly Pride has filed a pleading in which he seeks to reopen his previously determined Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), and to amend that § 2255 motion to raise a challenge to the enhancement of his sentence based on his prior North Carolina state convictions.[1] He relies on the recent case of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which changed circuit law as to this sentencing enhancement. I construe Pride's pleading as a second § 2255 motion and summarily dismiss it as successive, pursuant to 28 U.S.C.A. § 2255(h).

---

[1] Pride has filed a similar motion in Case No. 1:08CR00024-002, involving a later sentence in this court, which I address in a separate Opinion and Order.

I

Pride was convicted after a jury trial of possession with the intent to distribute, and distribution of, more than 50 grams of cocaine base, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2011). On October 5, 2007, I found that Pride's prior drug felony convictions qualified him for a statutory mandatory life sentence under § 841(b)(1)(A) and imposed that penalty. The United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *United States v. Pride*, 317 F. App'x 380 (4th Cir. 2009) (unpublished).

In December 2009, Pride filed a § 2255 motion. Among other claims, Pride asserted that the court erred in enhancing Pride's sentence based on prior drug convictions for which he was sentenced to less than one year of imprisonment and that counsel was ineffective in failing to challenge the enhanced federal sentence on this ground. I denied relief on the § 2255 motion, finding that the enhancement was not error, and counsel's failure to object was not unreasonable, in light of existing Fourth Circuit authority. An appeal by Pride was unsuccessful. *United States v. Pride*, Case No. 1:07CR00020, 2011 WL 251211 (W.D. Va. Jan. 25, 2011), *appeal dismissed,* 440 F. App'x 184 (4th Cir. 2011) (unpublished).

Pride now seeks to reopen his § 2255 action to renew his challenge to his enhanced sentence. Pride claims that now under *Simmons* his prior drug convictions cannot qualify as predicate offenses for the sentence enhancement

under § 841(b)(1)(A) because those prior drug offenses were not punishable by more than one year.  Pride asserts that because he raised this same claim in his original § 2255 motion, under Rule 15 of the Federal Rules of Civil Procedure, he can now reopen that § 2255 action to reap the benefit of the later *Simmons* decision.  I do not agree.

Rule 15(c) defines situations in which an untimely amendment to the complaint in an ongoing civil action may, nevertheless, be granted if it relates back to a timely filed claim in that action.  This rule does not, however, provide a vehicle by which a litigant may reopen a closed case.  Therefore, Pride's motion to amend under Rule 15(c) may be raised only after the court determines whether Pride is entitled to have the initial § 2255 case reopened. *See, e.g., Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment, a party may not seek to amend [his] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure .").

Pride also claims that Rule 60(b)(6) authorizes the court to reopen and reconsider his § 2255 claims regarding his sentence enhancement in light of *Simmons*.  I cannot agree.

Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving

extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). *Id.* Based on this precedent, I cannot find that the *Simmons* decision provides any ground upon which to grant Pride relief from judgment under Rule 60(b), as he claims.

I find that Pride's submission is properly construed as a § 2255 motion. When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). Pride previously filed a § 2255 motion concerning this same conviction and sentence which I denied. Because Pride offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice.

A separate Order will be entered herewith.

DATED: February 22, 2012

/s/ James P. Jones
United States District Judge